15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William J. WHITSITT, Plaintiff-Appellant,
v.
ALAMEDA COUNTY; City of Hayward; Hayward Police
Department; Union City; et al., Defendants-Appellees.
 No. 93-15397.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 28, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William J. Whitsitt appeals pro se the district court's dismissal with prejudice, pursuant to 28 U.S.C. Sec. 1915(d), of his 42 U.S.C. Sec. 1983 amended complaint against Alameda County and various other organizations and individuals alleging that his constitutional rights were violated when his driver's license was wrongfully revoked or suspended. This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's dismissal for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 Pursuant to 28 U.S.C. Sec. 1915(d), an action may be dismissed as frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Although a court must construe a pro se plaintiff's pleadings liberally and afford the plaintiff the benefit of any doubt, Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 632 (9th Cir.1988), a pro se complaint may be dismissed without leave to amend if it is clear that the deficiencies could not be cured by amendment, Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Whitsitt asserts his driver's license was wrongfully suspended or revoked, based on his claim that he had a constitutional right to operate a motor vehicle upon public roads without a driver's license. Whitsitt also claims he is entitled to be represented in court by someone who is not a lawyer. Neither of these claims states a constitutional violation, nor would amendment of Whitsitt's complaint serve to cure the defect. The district court, therefore, did not abuse its discretion when it dismissed Whitsitt's amended complaint pursuant to 28 U.S.C. Sec. 1915. See Neitzke, 490 U.S. at 324.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3